IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RAYMEY VOSS,**
**#213751**                                                                                                                                          **PLAINTIFF**

**V.**                          **CASE NO. 4:20-CV-460-LPR-BD**

**GEBHARDT,** *et al.*                                                                             **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation for dismissal has been sent to Judge Lee P. Rudofsky. Mr. Voss may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be filed within 14 days. If no objections are filed, Judge Rudofsky can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Voss may waive the right to appeal questions of fact.

**II.**    **Discussion:**

A.  Background

Ramey Voss, a pre-trial detainee in the Lonoke Count Detention Facility, filed this civil rights lawsuit without the help of a lawyer. (Doc. No. 2) In his original complaint, Mr. Voss claimed that Detention Facility staff had violated his rights on four occasions by improperly opening his privileged mail outside his presence. Specifically, he alleged

that Defendant Berryman opened mail sent to him from his attorney and that, on another occasion, Defendant Berryman delivered mail from the U.S. District Court that had obviously been opened.

Mr. Voss also noted two other occasions when his privileged mail was delivered to him after it had been opened. He did not describe, however, the type of legal mail or the sender. Likewise, he did not state how he was harmed by the alleged misconduct. The Court gave Mr. Voss the chance to file an amended complaint to clarify his claims. (Doc. No. 4) He has now filed an amended complaint. (Doc. No. 7)

B.  Analysis

Federal courts must review prisoner complaints that name government entities, officers, or employees as defendants before ordering service of process. 28 U.S.C. § 1915A(a). The Court has reviewed Mr. Voss's complaint and amended complaint. Even reading both complaints liberally and assuming all allegations to be true, Mr. Voss has not stated a federal claim for relief.

As the Court explained in a previous order, the letter from the court is not considered privileged mail, even though it concerned a legal matter. Therefore, even if jailers opened the letter before delivering it to Mr. Voss, that conduct was not a violation of Mr. Voss's constitutional rights. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981) (privileged prisoner mail is mail to or from an inmate's attorney and identified as such).

Correspondence addressed to Mr. Voss from his attorney is entitled to more protection. Even so, an isolated, inadvertent instance of a jailer opening incoming

confidential legal mail is insufficient, standing alone, to support a constitutional claim for relief. Of course, if there is evidence of an improper motive in opening privileged mail, or if the conduct interferes with a detainee's right to counsel or access to the courts, an isolated incident might be grounds for relief. *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). That is not the case here. Mr. Voss does not allege facts indicating either an improper motive, interference with the attorney-client relationship, or his ability to access the courts.

In the two other instances of opened mail Mr. Voss cites, it remains unclear whether the mail was indeed privileged because Mr. Voss does not describe the type of legal mail or identify the sender. More significantly, he does not explain how he was harmed. Because Mr. Voss does not allege that his legal rights were impeded as a result of the jailers' conduct, he has not stated a federal claim for relief even if the mail was privileged. *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007) (to state an access-to-courts claim a plaintiff must describe how a non-frivolous legal claim was "frustrated or . . . impeded").

## III.  Conclusion:

The Court recommends that Judge Rudofsky DISMISS Mr. Voss's claims, without prejudice, for failure to state a federal claim for relief. The Court further recommends that this dismissal count as a "strike" for purposes 28 U.S.C. § 1915(g) and that Judge Rudofsky certify that an *in forma pauperis* appeal would be frivolous and not taken in good faith.

DATED, this 27th day of May, 2020.

_____
UNITED STATES MAGISTRATE JUDGE